IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUAN R. LIMAS,

    Petitioner,

v.

GARRETT LANEY,

    Respondent.

Case No. 6:18-cv-00916-HZ

OPINION AND ORDER

Juan R. Limas
17605648
Oregon State Correctional Institution
3405 Deer Park Drive SE
Salem, Oregon 97310-9385

    Petitioner, *Pro Se*

Ellen F. Rosenblum, Attorney General
Kristen E. Boyd, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 – OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions from Marion County dated October 17, 2013. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

On October 4, 2013, Petitioner pleaded guilty to two counts of Recklessly Endangering Another Person, one count of Attempted murder with a Firearm, and one count of Unlawful Use of a Weapon. Respondent's Exhibit 103, p. 1. He also entered a no-contest plea to one count of Delivery of Marijuana for Consideration. Respondent's Exhibit 104, pp. 5-6. Petitioner and the State stipulated to a 130-month prison sentence, and the Marion County Circuit Court imposed the agreed-upon sentence. Respondent's Exhibits 104 & 105.

Petitioner did not take a direct appeal and, instead, filed for post-conviction relief ("PCR") in Umatilla County where the PCR court denied relief on his claims. The Oregon Court of Appeals dismissed the appeal as meritless and therefore not appealable pursuant to ORS 138.525(3), and the Oregon Supreme Court denied review. Respondent's Exhibits 120 & 122.

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on May 23, 2018. A liberal reading of the *pro se* Petition suggests that Petitioner seeks to raise three claims of ineffective

assistance of counsel.[1] Specifically, he claims that trial counsel was ineffective when he: (1) failed to object to Petitioner's sentence as violative of Oregon's 200% rule; (2) allowed Petitioner's plea to "rest in a significant degree on promises of the prosecutor, so that it could be said to be part of the inducement and such promises went unfulfilled;" and (3) failed to ensure that Petitioner's plea and stipulation to facts were knowing, voluntary, and intelligent.

Respondent asks the Court to deny relief on these claims because: (1) they are not properly pled; (2) Grounds One and Two are procedurally defaulted, and Petitioner is unable to excuse the default; and (3) the PCR court's decision as to the voluntariness of Petitioner's plea (Ground Three) is correct and entitled to deference under the Anti-terrorism and Effective Death Penalty Act. Although Petitioner's supporting memorandum was due on April 30, he has not filed his brief nor has he communicated with the Court since paying the filing fee for this case on June 1, 2018.

## DISCUSSION

Where the Court liberally construes the *pro se* Petition to state the claims identified above, it declines to dismiss the Petition for failure to meet proper pleading standards and, instead, proceeds directly to the exhaustion analysis.

///
///

---

[1] The Petition contains a single Ground for Relief which contains no claims in violation of Rule 2(c)(1) of the Rules Governing Section 2254 Cases.

3 – OPINION AND ORDER

I.  **Exhaustion and Procedural Default**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In this respect, a petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In this case, Respondent argues that Petitioner failed to fairly present the ineffective assistance of counsel claims identified in Grounds One and Two. A review of the record reveals that the only claim Petitioner presented during his PCR appeal

4 - OPINION AND ORDER

was whether the PCR court erred as a matter of state law when it did not require PCR counsel to include additional *pro se* claims in the PCR Petition at Petitioner's request. Respondent's Exhibit 118. This was not sufficient to fairly present the merits of the federal ineffective assistance of counsel claims contained within Grounds One and Two to Oregon's appellate courts. Because the time for raising these claims in state court passed long ago, they are procedurally defaulted.

Petitioner asserts that this Court should excuse his default because the failure to satisfy the fair presentation requirement is due to the ineffective assistance of his PCR attorney. Traditionally, the performance of PCR counsel could not be used to establish cause and prejudice to excuse a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991) (only the constitutionally ineffective assistance of counsel constitutes cause); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987) (there is no constitutional right to counsel in a PCR proceeding). However, in *Martinez v. Ryan,* 566 U.S. 1, 4 (2012), the Supreme Court found "it . . . necessary to modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Id* at 8. It concluded, "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.*

In order to establish cause to excuse his default pursuant to *Martinez*, Petitioner must show first that his underlying claim

5 - OPINION AND ORDER

of ineffective assistance of trial counsel is substantial insofar as it has "some merit." Next, he must demonstrate that his PCR attorney was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984) for failing to raise the claim. "[T]o fulfill this requirement, a petitioner must not only show that PCR counsel performed deficiently, but also that this prejudiced petitioner, i.e., that there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different." *Runningeagle v. Ryan*, 825 F.3d 970, 982 (9th Cir. 2017) (quotation omitted). Such a finding, of course, would necessarily require the Court to conclude that there is a reasonable probability that the trial-level ineffective assistance claim would have succeeded had it been raised. *Id.*

Petitioner's Ground One claim that his sentence violates Oregon's 200% rule is not "substantial" under *Martinez* because his 130-month sentence is comprised of mandatory minimum terms under Oregon's Measure 11, and the 200% rule does not apply to mandatory minimum sentences. *State v. Langdon*, 151 Or. App. 640, 646-647 (1997). Even if the 200% rule applied to mandatory minimum terms, it would have permitted a sentence of 180 months in this case—50 months more than the trial court actually imposed.[2] Respondent's Exhibit 114, pp. 10-11; Respondent's Exhibit 115, pp. 8-9.

---

[2] Under the 200% rule, "no matter how many convictions arise out of a single case, if any of the sentences are imposed to run consecutively, the total incarceration term for all of the convictions combined may not exceed twice the maximum presumptive incarceration term for the primary offense, except by departure." *State v. Davis*, 315 Or. 484, 492 (1993). In this case, the PCR

With respect to Petitioner's Ground Two claim that unidentified promises from the prosecutor went unfulfilled as an unlawful inducement for his plea, Petitioner fails to provide any specifics regarding this claim. In this regard, and where he has not filed a supporting memorandum, Petitioner has not shown why PCR counsel was obligated to raise the claim such that *Martinez* excuses his procedural default.

## II. Ground Three: Knowing, Intelligent, and Voluntary Plea

### A. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's]

---

court determined that Petitioner's primary sentence for Attempted Murder was 90 months, hence the 200% rule limited his consecutive sentencing exposure to 180 months. State-court determinations of this kind on issues of state law are binding on a federal habeas court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.")

cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

### B. Analysis

Petitioner alleges that trial counsel was constitutionally ineffective when he failed to ensure that Petitioner's plea was knowing, voluntary, and intelligent. The Court uses the general two-part test established by the Supreme Court to determine whether Petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong

presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, Petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether Petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

During Petitioner's PCR proceedings, his PCR attorney conceded that such a claim was not viable:

> And upon reviewing the – the plea agreement itself and the transcript of the – the plea hearing or the colloquy, rather, I couldn't find any reason to attack the knowing, intelligent and voluntary prongs of the plea and I've expressed that to – to Mr. Limas.
>
> Further, I went over his pro se petition with him and informed him that, to the extent any of those actually were cognizable as PCR claims, none of them, in and of themselves, overcame the – the plea colloquy and the plea petition itself.

Respondent's Exhibit 115, pp. 5-6.

The PCR court concluded that Petitioner had not stated sufficient facts to state a claim. *Id* at 9. From the record, this Court cannot discern how Petitioner might have entered his pleas

in an unknowing, involuntary, or unintelligent manner. To the contrary, the trial court engaged in a colloquy with Petitioner wherein he claimed that: (1) he had gone over the plea agreement with counsel; (2) he understood his rights; (3) he understood that no-contest and guilty pleas meant that he would be convicted; (4) nobody had threatened him; and (5) that he voluntarily wished to withdraw his earlier pleas of not guilty so as to proceed with his guilty and no-contest pleas. Respondent's Exhibit 104, pp. 3-4. Based upon this record, Petitioner has not established that counsel's performance fell below an objective standard of reasonableness. Habeas corpus relief is therefore not appropriate.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 22 day of May, 2019.

_____
Marco A. Hernandez
United States District Judge